UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHAWN FLYNN,

          Plaintiff,

v.

JAMES DZURENDA, *et al.*,

          Defendants.

Case No. 2:19-cv-00213-MMD-CBC

ORDER

**I.    SUMMARY**

Plaintiff Shawn Flynn, who is incarcerated in the Nevada Department of Corrections ("NDOC"), bring this civil rights case under 42 U.S.C. § 1983. For the following reasons, the Court *sua sponte* refers this case to the Pro Bono Program ("Program") adopted in General Order 2017-07 for appointment of pro bono counsel.

**II.    BACKGROUND**

Plaintiff has filed a First Amended Complaint ("FAC") (ECF No. 14) that contains similar allegations to the initial complaint (ECF No. 6) that the Court previously screened (ECF No. 5). (*See* ECF No. 16 at 2-3 (describing differences between the initial complaint and the FAC).) The FAC has not been screened. In the initial complaint, Plaintiff alleged in Count I that certain Defendants created a policy that denied Plaintiff treatment for viral infection with hepatitis C ("HCV"). (*See* ECF No. 6 at 4-5.) In Count II, Plaintiff alleged that certain Defendants violated the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") by failing to provide Plaintiff with any treatment for HCV. (*Id.* at 6.) In Count III, Plaintiff alleged that Dr. Bryan negligently and intentionally inflicted emotional distress by informing Plaintiff that NDOC would not treat his HCV due

to cost. (*Id.* at 7-8.) After screening the initial complaint, the Court allowed the following claims to proceed: deliberate indifference to serious medical needs; an ADA and RA claim; and a claim for intentional infliction of emotional distress. (ECF No. 5 at 13.) The Court dismissed Plaintiff's claim for negligent infliction of emotional distress with prejudice. (*Id.*)

The FAC contains similar allegations to the initial complaint but appears to add an equal protection claim to Count I. (*See* ECF No. 14 at 5.)

## III. LEGAL STANDARD

There is no constitutional right to appointed counsel in a § 1983 action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Furthermore, while the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

## IV. DISCUSSION

Extraordinary circumstances exist in this case to warrant the appointment of counsel. First, Plaintiff's case presents complex legal and medical issues related to HCV. Thus, "[w]ithout counsel and while incarcerated, [Plaintiff is] expected to locate a medical

expert willing to submit an affidavit on his behalf, manage discovery for his multi-party multi-claim lawsuit, and conduct a full trial." *Clemons v. Hill*, 743 F. App'x 885, 886 (9th Cir. 2018). The Ninth Circuit has found that these circumstances are exceptional. *Id.* In light of the complexity of the issues presented, Plaintiff has little ability to articulate his claims *pro se*.

Second, there is at least some likelihood of success on the merits. Plaintiff alleges that he has been denied life-saving treatment for his hepatitis C. Plaintiff's claims do not appear to be trivial or frivolous. In light of the serious complexity of the issues in Plaintiff's case, Plaintiff has shown sufficient likelihood of success to warrant appointment of counsel.

Third, Plaintiff's *pro se* First Amended Complaint shows that Plaintiff is challenging NDOC's policy of refusing curative treatment for hepatitis C. (ECF No. 14 at 3, 5-6.) Given that numerous incarcerated individuals currently are challenging NDOC's policy for treating hepatitis C,[1] the Court finds that extraordinary circumstances exist in this case to warrant appointment of counsel.

Accordingly, the Court will *sua sponte* refer this case to the Pro Bono Program.

**V. CONCLUSION**

It is therefore ordered that this case is referred to the Pro Bono Program ("Program") adopted in General Order 2017-07 for appointment of pro bono counsel. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

It is further ordered that the Clerk forward this order to the Pro Bono Liaison.

DATED THIS 24th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] *See* ECF No. 156 in *Cruzado v. Baca*, Case No. 3:16-cv-00690-MMD-CBC.