UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAWN FLYNN, | Case No. 2:19-cv-00213-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

## I.    SUMMARY

This is a civil rights case brought by an incarcerated person seeking treatment for hepatitis C. Before the Court is Plaintiff Shawn Flynn's motion for preliminary injunction ("PI Motion") (ECF No. 2). The Court has reviewed Defendant James Dzurenda's response (ECF No. 15) and Plaintiff's reply (ECF No. 21). The Court denies Plaintiff's PI Motion without prejudice and with leave to file a renewed motion for preliminary injunction once pro bono counsel is appointed because the PI Motion raises complex medical issues that seem to require expert testimony (or at least the assistance of pro bono counsel).[1]

## II.    BACKGROUND

Plaintiff is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at High Desert State Prison ("HDSP"). (ECF No. 6 at 1.) The Court allowed Plaintiff's claims arising under the Eighth Amendment, the Americans with Disabilities Act ("ADA"), and Rehabilitation Act ("RA") to proceed against

///

---

[1]The Magistrate Judge stayed this case after its reassignment until the setting of a status conference. (ECF No. 28.) Nevertheless, the Court will address the PI Motion because of the length of time it has been pending and given that this order will not resolve Plaintiff's request for preliminary injunctive relief in any final way.

Dr. Bryan, James Dzurenda, Brian Williams, and Romeo Aranas.[2] (ECF No. 5 at 13.) The Court also allowed Plaintiff's claim for intentional infliction of emotional distress to proceed against Dr. Bryan. (*Id.*)

## III. DISCUSSION

Plaintiff seeks a preliminary injunction requiring Defendants to provide Plaintiff with curative treatment for hepatitis C. (ECF No. 2 at 2.) Defendants argue that providing the treatment would cause Plaintiff to die because he also has hepatitis B. (ECF No. 15 at 1.)

The parties present competing evidence with respect to whether treatment for Plaintiff's hepatitis C is appropriate given Plaintiff's coinfection with hepatitis B. Defendants rely on the declaration of a senior NDOC physician, Dr. Henry Landsman, who does not recommend administering curative treatment for hepatitis C to Plaintiff because it will cause Plaintiff's hepatitis B infection to reactivate and "will likely lead to his death." (ECF No. 15-2 at 4.) Plaintiff relies on guidelines developed by the American Association for the Study of Liver Diseases that suggest treatment of hepatitis C is possible despite hepatitis B coinfection. (*See, e.g.*, ECF No. 21 at 72 ("HBsAG positivity does not represent a contraindication to HCV DAA therapy. Patients meeting criteria for treatment of active HBV infection should be started on therapy at the same time (or before) HCV DAA therapy is initiated (Terrault, 2015). Patients with low or undetectable HBV DNA levels can either receive prophylactic treatment for HBV for the duration of the DAA treatment to SVR12 or be monitored at regular intervals . . . for HBV reactivation . . . .").)

This case has been referred to the Pro Bono Program.[3] (ECF No. 25.) Given that pro bono counsel would play a significant role in helping to resolve the complex medical dispute between the parties, including by potentially identifying an expert medical witness,

---

[2]The Court also allowed Plaintiff's claim to proceed against Dr. Jane Doe once he learns her identity and moves to substitute her true name. (ECF No. 5 at 13.)

[3]The Court understands that pro bono counsel recently has been identified but that counsel may need time to review the filings in this case and to schedule to meet with Plaintiff.

2

the Court will deny Plaintiff's PI Motion without prejudice and with leave to file a renewed motion for preliminary injunction once pro bono counsel is appointed.

**IV. CONCLUSION**

It is therefore ordered that Plaintiff's PI Motion (ECF No. 2) is denied without prejudice and with leave to file a renewed motion for preliminary injunction once pro bono counsel is appointed.

DATED THIS 10th day of September 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE