**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHAWN FLYNN,

    Plaintiff,

vs.

JAMES DZURENDA, et. al.

    Defendants.

2:19-cv-00213-MMD-CLB

**ORDER**

Plaintiff Shawn Flynn ("Flynn") filed a motion for leave to file an amended complaint. (ECF No. 39). Flynn, who was previously representing himself pro se, seeks to amend his complaint, through his court-appointed counsel, to address prior issues with the complaint and to add certain claims. Flynn's case is one of several civil actions that have been consolidated for purposes of discovery and litigation related specifically to whether current and/or former employees of the NDOC violated the civil rights of inmates by failing to treat their Hepatitis C ("Hep-C"). *See* Case No. 3:19-cv-00577-MMD-CLB.

Defendants oppose this motion asserting that it violates a stay in place pursuant to prior orders of the court related to the consolidated case. (ECF No. 40). In the alternative, Defendants argue that even if there is no stay, the request to amend the complaint is premature because the court has yet to rule on a motion to certify a class related to the claims surrounding Hep-C treatment in Nevada state prisons. (*Id.*)

In reply, Flynn argues there is no stay in place at this time and therefore the amendment to the complaint is not premature. (ECF No. 41).

Having reviewed the parties' filings and the court's previous orders in both this case and the consolidated Hep-C matter, the court denies Flynn's motion without prejudice to re-file after the court rules on the motion for class certification.

## I. DISCUSSION

On February 5, 2019, Flynn filed an application to proceed in forma pauperis seeking to file his complaint, which alleged various claims under the Eighth Amendment, American with Disabilities Act, Rehabilitation Act, and state torts. (ECF No. 1, 1-1). These claims all arose from the failure of employees at the NDOC to provide treatment to Flynn for his Hep-C. (*Id.*) The court screened Flynn's complaint on March 8, 2019, which permitted some claims to proceed and dismissed his claim for negligent infliction of emotional distress. (ECF No. 5). Ultimately, the court appointed pro bono counsel to represent Flynn in this matter. (ECF No. 31).

By the summer of 2019, numerous civil cases had been filed by inmates housed at the NDOC, who also alleged that their rights were violated due to the failure of NDOC and its employees to provide treatment for Hep-C. Recognizing the common issues of law and fact presented by these various cases, the court stayed discovery in these matters and consolidated the lawsuits for purposes discovery and litigation related to the common issues. (*See In Re: HCV Prison Litigation*, Case No. 3:19-cv-00577-MMD-CLB, ECF No. 1.) The express purpose of the consolidation of these matters was to consolidate the efforts of all parties related to litigation involving Hep-C cases in order to conserve both the parties and the court's time and resources in handling these matters.

In Pre-Trial Order #1 in the consolidated matter, the court set an initial case management conference and directed the parties to meet and confer regarding a process to be used to handle discovery and other outstanding issues related to the

cases. (*Id.*, at ECF No. 1). At the initial case management conference, the court was advised that the plaintiffs intended to file a motion to certify a class action and to file an amended class action complaint. (*Id.*, at ECF No. 2). The court inquired of all parties related to this procedure and no objection was raised. The court then set a briefing schedule for the filing of the motion to certify as well as filing the amended complaint. (*Id.*) The court also stayed all discovery pending the next pretrial conference.

At the second pretrial conference, the court partially lifted the discovery stay for the consolidated actions to permit limited document discovery to proceed. (*Id.*, at ECF No. 8). However, the discovery stay remained in place in other respects. In addition, the court also requested, and ultimately received, the withdrawal of various outstanding motions in several of the consolidated actions. (*Id.*) Consistent with the purpose of consolidation, the withdrawal of these motions was to ensure that efforts were not being duplicated by to parties and to allow the parties and the court to focus on the issues raised in the motion to certify prior to the court addressing such things as prior filed motions to amend, motions to dismiss, motions for summary judgment and the like.

Flynn now moves to file a second amended complaint in order to cure certain defects that may be present in the current complaint in this case. (ECF No. 39). However, the court agrees with the defendants that this motion is premature. Currently pending before the court is a motion to certify a possible class action expressly related to the various consolidated cases, which includes a joint amended complaint for class action relief. (*See HCV Prison Litigation*, ECF No. 11). If that motion is granted, Flynn will have the option to join in that lawsuit negating the need for an amended complaint in the current lawsuit. On the other hand, if the motion is denied or if Flynn chooses not to participate in the class, the filing of a motion to amend would then be appropriate.

However, until that time, the current motion is premature. Therefore, the court denies Flynn's motion for leave to file an amended complaint, (ECF No. 39), without prejudice to re-file after a decision is made with respect to the motion to certify in the consolidated action.

**II. CONCLUSION**

**IT IS THEREFORE ORDERED** that Flynn's motion seeking to leave to file an amended complaint (ECF No. 39) is **DENIED without prejudice**.

**DATED**: January 31, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**