UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAWN FLYNN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JAMES DZURENDA, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 2:19-cv-00213-MMD-CLB<br><br>ORDER |

## I.　SUMMARY

Plaintiff Shawn Flynn, who is formerly an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Romeo Aranas, Gregory Bryan, Charles Daniels, James Dzurenda, Bob Faulkner, Henry Landsman, Michael Minev, Harold Wickham, and Brian Williams. (ECF Nos. 6, 61.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 93), recommending the Court grant Defendants' motion for summary judgment (ECF No. 85).[1] Plaintiff filed an objection to the R&R.[2] (ECF No. 94 ("Objection").) Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion and because Plaintiff in his Objection continues to fail to point to supporting evidence to meet his burden, the Court will accept and adopt the R&R in full. Accordingly, the Court will grant Defendants' Motion.

## II.　BACKGROUND

The Court incorporates by reference Judge Baldwin's description of the case's factual background and procedural history provided in the R&R, which the Court adopts.

---

[1]Plaintiff responded (ECF No. 90), and Defendants replied (ECF No. 91).

[2]Defendants did not respond to Plaintiff's Objection, and the deadline for any response has lapsed.

(ECF No. 93 at 1-8.)

## III. DISCUSSION

The Court first addresses Plaintiff's emotional distress claims, then considers Plaintiff's objections to Judge Baldwin's recommendation as to his Eighth Amendment claim for deliberate indifference to a serious medical need.

### A. Emotional Distress Claims

Judge Baldwin recommends the Court grant Defendants' Motion as to Plaintiff's claims of intentional infliction of emotional distress and negligent infliction of emotional distress because Plaintiff in his opposition to Defendants' Motion did not provide any evidence of his alleged severe emotional distress, except to say that he "will testify at trial," which is insufficient to meet his burden at summary judgment. (*Id.* at 16.) Plaintiff does not address nor object to Judge Baldwin's recommendation as to his emotional distress claims in his Objection. (ECF No. 94.) Because there is no objection as to these claims, the Court need not conduct de novo review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("[D]e novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original). The Court is satisfied that Judge Baldwin did not clearly err and therefore adopts Judge Baldwin's recommendation that Defendants' motion for summary judgment be granted as to Plaintiff's emotional distress claims.

### B. Deliberate Indifference to a Serious Medical Need Claim

As to Plaintiff's Eighth Amendment claim, Judge Baldwin recommends that Defendants' Motion be granted because Defendants have submitted evidence showing that they "affirmatively monitored [Plaintiff]'s Hep-C" and therefore have met their initial burden of showing the absence of a genuine issue of material fact, while Plaintiff has failed to meet his burden because he has not provided evidence that a delay in treatment for his Hep-C was the cause of any damage or that he in fact has suffered damage nor that Defendants knew of an excessive risk to his health and disregarded that risk. (ECF

No. 93 at 14-15.) Plaintiff objects to Judge Baldwin's recommendation arguing that: (1) "[t]here appears to be no dispute that Defendants' yearslong delay in treating [Plaintiff] caused him to develop cirrhosis" (ECF No. 94 at 5.); (2) Plaintiff met his burden by attaching to his opposition to Defendants' Motion the deposition transcripts of Dr. Martin Naughton and Dr. Michael Minev and the expert report of Dr. Amanda Cheung (*id.* at 6.); and (3) Plaintiff and others, such as Dr. Cheung, Dr. Naughton, and Dr. Kevin Kuriakose who allegedly diagnosed Plaintiff with cirrhosis, would testify at trial in support of Plaintiff's position (*id.* at 6-7).

The Court finds all of Plaintiff's objections unpersuasive. First, it is in fact clearly disputed whether Defendants' alleged delay in treatment caused Plaintiff to develop cirrhosis, and as Judge Baldwin found and the Court agrees, Plaintiff has failed to provide any evidence to support his assertions that he developed cirrhosis nor that an alleged delay in treatment caused such harm. (ECF No. 93 at 11 n.3.) Plaintiff baldly asserts in multiple instances that he developed cirrhosis and that medical records show that, but he fails to cite to or provide any medical reports to support that claim. (ECF No. 94 at 4-8.) Second, while it is true that Plaintiff attached several exhibits to his opposition to Defendants' Motion, as Judge Baldwin found, those exhibits largely focus on treatment of Hep-C and NDOC's policy and do not address whether Plaintiff specifically suffered any harm because of an alleged delay in treatment. (ECF No. 93 at 6-7; ECF Nos. 90-2, 90-3, 90-4.) Third, an intent to call supporting witnesses does not, on its own, constitute evidence that may be considered on summary judgment. *See* Fed. R. Civ. Proc. 56(c)(1)(A). And once again, although Plaintiff claims that Dr. Kuriakose diagnosed him with cirrhosis, he fails to point to or provide any evidence to support that claim. (ECF No. 94 at 7.)

The Court therefore agrees with Judge Baldwin's determination that Plaintiff has failed to meet his burden in establishing a genuine issue of material fact as to whether Defendants deliberately denied, delayed, or intentionally interfered with his medical treatment and whether such a delay caused harm. *See Hallet v. Morgan*, 296 F.3d 732,

744 (9th Cir. 2022) (explaining "deliberate indifference" prong); *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013) (requiring causation to establish deliberate indifference); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (requiring a showing of harm caused by the indifference). Accordingly, the Court adopts Judge Baldwin's recommendation that Defendants' Motion be granted as to Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need.[3]

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 94) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 93) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 85) is granted.

It is further ordered that the Clerk of Court enter judgment in Defendants' favor and close this case.

DATED THIS 22nd Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Just as Judge Baldwin declined to address Defendants' personal participation or qualified immunity arguments because she found that Plaintiff's claims fail on the merits, the Court similarly need not—and does not—address those arguments for the same reasons. (ECF No. 93 at 16 n.4.)